FILED
SEP - 5 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>JESUS GARCIA-ARAUX,<br><br>　　　　　　　　　　Defendant. | CASE NO. 05CR2157-LAB<br><br>**ORDER DENYING APPLICATION FOR EXCESS FEES** |

Attorney Kurt D. Hermansen[1], a member of the Criminal Justice Act Panel ("CJA Panel") – a panel of lawyers who are regularly appointed to represent defendants – has submitted a payment voucher in this case seeking payment of $8909.07 (including $261.07 in expenses) for his representation of defendant Jesus Garcia-Araux for the period of January 1, 2006 through August 14, 2006. The fee requested is in excess of the $7,000, plus expenses, maximum fee authorized under the Criminal Justice Act 18 U.S.C. § 3006A(d)(2). To qualify for compensation in excess of the statutory maximum, counsel must show the case was either extended or complex. 18 U.S.C. § 3006A; *United States v. Carnevale*, 624 F. Supp. 381, 386 (D.R.I. 1985).

///

///

---

[1] The Court is very familiar with Mr. Hermansen. He is experienced, effective, reasonable, and a zealous advocate for his clients. Our district court is fortunate to have him as a member of the Criminal Justice Act Panel. The Court's partial rejection of the voucher in question does not, in any sense, reflect negatively on the competency or professionalism of Mr. Hermansen.

In support of his application, Mr. Hermansen recites the efforts he undertook in the course of representing Mr. Garcia-Araux, maintaining the case was complex even though the defendant pled guilty.

The Court has evaluated Mr. Hermansen's recitals and considered the work he performed on behalf of the defendant against the backdrop of what is generally expected of CJA Panel attorneys in representing their clients. After review, the Court finds that Mr. Hermansen acted professionally and competently, and that he secured a reasonabe resolution of the matter for his client. However, the Court does not find the efforts undertaken by Mr. Hermansen were so taxing or extraordinary so as to justify payment of fees in excess of those set by statute and determined to be reasonable in the ordinary case. This case was an ordinary case that required ordinary effort.

The Court finds counsel's voucher and supporting documents do not "justify a confident conclusion that [the requested] excess compensation is essential to fairness." *Bailey*, 581 F.2d at 990. The application for excess fees is accordingly **DENIED**. The voucher request is authorized for the total sum of $7261.07, the maximum fees authorized under the Criminal Justice Act 18 U.S.C. § 3006A(d)(2), plus expenses.

**IT IS SO ORDERED.**

DATED: 8-31-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: Kurt D. Hermansen, Esq.